[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.   17-10828
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-60173-BB


JOHN W. HARRIS,

Plaintiff-Appellant,

versus

SUNSHINE HEALTH AGENCY,
Dr. Ernest Bertha, Director,
AGENCY FOR HEALTH CARE ADMINISTRATION,
Infectious Disease Pharmacist,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 26, 2017)

Before ED CARNES, Chief Judge, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

John Harris, a non-prisoner litigant proceeding pro se, filed suit against his healthcare providers, claiming that they violated his Eighth and Fourteenth Amendment rights by withholding treatment for his liver condition.  The district court construed his claims as arising under 42 U.S.C. § 1983 and dismissed his complaint sua sponte for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).  It concluded that, among other things, Harris failed to allege facts supporting a finding that his healthcare providers are state actors.  This is Harris' appeal.

We review de novo the district court's dismissal under § 1915(e)(2)(B)(ii).  Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017).  To survive a motion to dismiss, a complaint must contain facts that, accepted as true, support a reasonable inference that the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).  We construe liberally pleadings filed by pro se litigants.  Evans, 850 F.3d at 1253.

The district court properly dismissed Harris' § 1983 claim because he failed to allege facts supporting a reasonable inference of state action.  To state a claim for relief under § 1983, Harris must allege facts showing that the conduct complained of was committed "by a person acting under color of state law."  Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000).  That, in turn, requires that "the party charged with the deprivation is a person who may fairly be characterized as a state actor."  Id.

2

Harris did not allege in his complaint that any of the defendants are state actors.  Harris now contends that the defendants are state actors because the state of Florida regulates medical practitioners.  That argument comes too late.  See Blue Martini Kendall, LLC v. Miami Dade County, 816 F.3d 1343, 1349 (11th Cir. 2016) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (internal quotation marks omitted).  It is also meritless:  the fact that a party is subject to state regulation "does not by itself convert its action into that of the State."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 52, 119 S.Ct. 977, 986 (1999).  The district court did not err by declining to adopt a rule that would convert into state action the conduct of doctors, lawyers, and anyone else whose trade the State regulates.[1]

   **AFFIRMED.**

---

[1] To the extent Harris contends that the district court erred by denying his motion to proceed in forma pauperis, his complaint's dismissal mooted that motion.  And if Harris meant to argue that the district court erred in denying him leave to amend, that argument is abandoned because he mentioned it only in an incomplete sentence, unsupported by any legal or factual argument.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").